IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


RYAN V. SMITH                                                    PLAINTIFF


       v.                           CIVIL NO. 16-5002


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                  DEFENDANT


## MEMORANDUM OPINION


Plaintiff, Ryan V. Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 2, 2014, alleging an inability to work since December 21, 2012, due to degenerative disc disease, a bulging disc, chronic pain, and an inability to get along with people.  (Doc. 10, pp. 73, 187, 195).  An administrative video hearing was held on February 26, 2015, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 42-70).

By written decision dated June 3, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 10,

1

p. 26). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 27). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant can occasionally stoop, crouch, balance, kneel, climb, crawl and work overhead bilaterally. He can perform work where interpersonal contact is incidental to the work performed. The claimant can perform simple, routine, repetitive tasks. He can respond to supervision that is simple, direct and concrete.

(Doc. 10, p. 28). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an inspector/checker, ordinance; a table worker; and a machine operator. (Doc. 10, p. 36).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on October 30, 2015. (Doc. 10, pp. 5-11). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

2

mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from

doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.    Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to properly weigh the medical and opinion evidence of record and erred in his decision to discount the opinion evidence of Plaintiff's treating physician; 2) the ALJ erred in determining Plaintiff's RFC; and 3) the ALJ erred in the Step Five determination.

### A.    Subjective Complaint and Symptom Evaluation:

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

4

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the <u>Polaski</u> factors. A review of the record reveals that Plaintiff reported he was able to take care of his personal needs slowly due to discomfort, to prepare simple meals; to do dishes and laundry; to drive; to shop for groceries and household items; to pay bills; to watch television and talk on the telephone.  Plaintiff reported to Dr. Terry L. Efird that he was able to take perform activities of daily living independently but sometimes lacked the motivation; to shop for short periods of time; to handle personal finances; to use Facebook a few times per week; and to interact with a new girlfriend at times.

With regard to Plaintiff's alleged degenerative disc disease, the ALJ found that while Plaintiff may indeed have some limitations, the evidence did not support a finding of disability. A review of the evidence reveals that Plaintiff's pain responded well to medication. <u>Brace v. Astrue</u>, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.")(citations omitted). Thus, while Plaintiff may indeed experience some degree of pain due to his degenerative disc disease, the Court finds substantial evidence of record supporting the ALJ's finding that Plaintiff does not have a disabling back impairment.  <u>See</u> <u>Lawrence v. Chater</u>, 107 F.3d 674, 676 (8th Cir. 1997) (upholding ALJ's determination that claimant was not disabled even though she had in fact sustained a back injury and suffered some degree of pain).

Regarding Plaintiff's mental functioning, the record showed Plaintiff sought very little treatment for these alleged impairments. <u>See</u> <u>Gowell v. Apfel</u>, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).  Evidence presented to the Appeals

5

Council revealed that Plaintiff complained of suicidal ideation in May of 2015.  A review of the record reveals that Plaintiff was able to control his suicidal thoughts fairly quickly once admitted.  While admitted, Plaintiff was compliant with medication but reported he would not take medications while he was "on the street," and was reluctant to follow-up with outpatient treatment.  Plaintiff also reported that he thought the admission might help to make his application for disability stronger.  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff does not have a disabling mental impairment.

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds.  Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).  It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes and alcohol throughout the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B.      ALJ's RFC Determination and Medical Opinions[1]:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"[A] treating source's opinion is not inherently entitled to controlling weight." Myers v. Colvin, 721 F.3d 521, 525 (8th Cir.2013). A treating physician's opinion "is entitled to controlling weight only to the extent it is consistent with medically acceptable clinical or laboratory diagnostic data." Casey v. Astrue, 503 F.3d 687, 692 (8th Cir.2007). "It is well established that an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." Prosch v. Apfel, 201 F.3d 1010, 1014–15 (8th Cir.2000). "When an ALJ discounts a treating physician's opinion, he should give good reasons for doing so." Brown v. Astrue, 611 F.3d 941, 951–52 (8th Cir.2010) (citation omitted).

---

[1] The Court combined Plaintiff's first and second argument.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform sedentary work with limitations during the time period in question.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions.  Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff argues that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. Matthew Walter.  On June 10, 2014, Dr. Walter completed a Medical Source Statement opining that Plaintiff was able to perform less than sedentary work.  (Doc. 10, p. 417).  After review, the Court finds that the ALJ did not err in discounting the opinion of Dr. Walter. The ALJ declined to give controlling weight to Dr. Walter's opinion for good and well-supported reasons.  See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir.2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion.").  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### C.    Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record

as a whole. <u>Goff v. Barnhart</u>, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as an inspector/checker, ordinance; a table worker; and a machine operator.  <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    <u>**Conclusion:**</u>

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of February, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE